JOSEPH WEIR, PETITIONER-DEFENDANT, v. NEW AMSTERDAM CASUALTY COMPANY, RESPONDENT-PROSECUTOR.

Submitted October 7, 1941—Decided February 21, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the petitioner-defendant, *Isadore Rabinowitz, Sol Schwartz* and *Louis Schwartz.*

For the respondent-prosecutor, *James J. Skeffington.*

The opinion of the court was delivered by

CASE, J.  The writ brings up for review the action of the Passaic County Court of Common Pleas in granting judgment against the defendant insurance carrier on an unpaid award earlier made by the Workmen's Compensation Bureau in favor of Joseph Weir, workman, and against Harry Pilchman and Louis Lipschultz, trading as Clinton Hill Painters and Decorators, employers.  The proceeding is under *R. S.* 34:15-82, *et seq.*  The original petition in the Workmen's Compensation Bureau was filed by Joseph Weir against "Clinton Hill Painters and Decorators."  Harry Pilchman had originally, individually, done business under that trade name and on April 21st, 1938, caused a workmen's compensation policy to be issued by the defendant insurer covering "Harry Pilchman d/b/a Clinton Hill Painters and Decorators."  In August, 1938, Pilchman took in one Lipschultz as a silent partner, but he did not communicate the fact of the partnership either to his insurer or to his employees.  In or about the month of October, 1938, Weir was employed, as he supposed, by Pilchman individually.  On January 28th, 1939, Weir, while in that employment, still supposing the employment to be by Pilchman individually, suffered a compensable injury at the employer's establishment in the City of Newark.  He filed his petition for compensation.  The insurer was informed and proceeded to prepare Pilchman's defense.  On the morning of the hearing before the Bureau, during a conference immediately preceding the hearing, Pilchman disclosed to the attorney and another representative of the insurer that at the time of the accident the business was conducted by, and the workman was employed by, a partnership consisting of Pilchman and Lipschultz doing business under the old name of "Clinton Hill Painters and Decorators."  The insurance company at once disclaimed liability upon the ground that it had insured

Pilchman individually and had not insured the partnership, but submitted to Pilchman a non-waiver agreement which the latter refused to sign. Inasmuch as the case was on immediate call for trial the insurance company conducted the defense, protesting to Pilchman, nevertheless, that it denied liability and that it was defending upon the conditions contained in the unsigned agreement. Pilchman testified that he did not agree to that arrangement. The Bureau found for the workman and entered a determination and rule for judgment in his favor against Harry Pilchman and Louis Lipschultz, trading as "Clinton Hill Painters and Decorators." Later Weir went to the Passaic Court of Common Pleas with his petition setting up the award, alleging that the present prosecutor was the insurance carrier and through its attorney had responded to the petition in the Bureau and conducted the hearing there and was obliged to pay the award, that the employer had failed to make any payments and that therefore Weir sought an order requiring the insurer to fulfill the terms of the award and to meet in full all payments required to be made thereunder with interest and costs. A rule to show cause issued to which the insurance company answered, admitting some allegations, denying others, and setting up as separate defenses that the Passaic Common Pleas was without jurisdiction to enter a judgment in such a proceeding and that the company was not liable under the statute inasmuch as it had not insured the partnership against which the award had been made. The issue was resolved against the insurance company, and the rule for judgment now before us was entered directing it to pay the disability award as well as various other charges and costs incident thereto.

Prosecutor presents four points: first, that the Passaic County Court of Common Pleas had no jurisdiction; second, that the court violated article VII of the amendments to the United States Constitution; third, that the policy did not cover the award; and, fourth, that the carrier is not liable by reason of waiver or estoppel.

The argument presented under point one is that the authority given in *R. S.* 34:15-84 to make subsequent appli-

cation to the Court of Common Pleas should be referred back to, and be interpreted in the light of, *R. S.* 34:15-66 which provides that an appeal from the judgment of the commissioner shall be to the Court of Common Pleas of the county *in which the accident occurred,* and it is the contention that inasmuch as the accident in which the present action grounds occurred in the County of Essex any pŕoceeding in the Pleas arising therefrom lies exclusively within the jurisdiction of the Court of Common Pleas of the County of Essex and is neither to be correlated with the practice in common law actions or to be reconciled with *R. S.* 34:15-53, which provides that the petition shall be heard either in the county in which the injury occurred or in which the petitioner or defendant resides, or in which the defendant's place of business is located, or in which the defendant may be served with process. We think that the jurisdiction of the several courts of common pleas is not to be thus narrowly limited and that we should not read into the statute words of limitation that are not there. The adoption of the prosecutor's reasoning would leave the pertinent portion of section 84 without application to accidents occurring out of the state but under our statute, *Sleinmetz* v. *Snead & Co.,* 123 *N. J. L.* 138, a result which we believe the legislature did not intend to accomplish. Whether the proceeding in the Pleas be regarded as strictly statutory and within the field of *R. S.* 34:15-84 or as following the practice at common law, it was proper to make the application in Passaic County where the claimant resided.

It is next said by prosecutor that the court below in attempting to make summary determination of the factual questions violated article VII of the amendments to the United States Constitution; and that is the sole constitutional question presented by the brief. The constitutional provision is:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved; and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

That provision is, we apprehend, directed towards the United States courts and not the state courts. We consider that the point is not well made.

The prosecutor's third point goes to the proposition that the policy did not cover the award inasmuch as the policy was written to indemnify Harry Pilchman and was not written in coverage of the co-partnership of Harry Pilchman and Louis Lipschultz. We are of the opinion, however, that the policy did cover the award. Assuming the fact to be that at the time of the employment of Weir, as well as at the time of the accident, the employer was a partnership, it remains that the insured was, as a member of that partnership, an employer of Weir and that a judgment or award obtained by Weir against the partnership was collectible from Pilchman. The situation is quite different from that which exists when the partnership is the insured employer and the hiring is by one of the members individually in an employment outside the partnership. The accident sued upon arose out of and in the course of an employment in the business conducted under the trade name of "Clinton Hill Painters and Decorators." Pilchman, as an employer therein, was liable. We perceive no sound reason why his insurer, which undertook to indemnify him as an employer in that business, should not be held responsible. It is made liable by its contract.

Under our disposition of points one, two and three the fourth point becomes moot. The insurer was liable under its contract. It is immaterial whether or not the insurer did that which, if it were not otherwise liable, would render it liable under the doctrine of waiver or the doctrine of estoppel. Decision upon that point is reserved.

Inasmuch as the points argued present no ground for reversal, the judgment below will be affirmed, with costs.